■ MIRIAM MILLER et al., Respondents, v. CITY OF NEW YORK et al., Appellants.— In an action pursuant to section 51 of the General Municipal Law, seeking in substance to enjoin the construction and operation of a golf driving range in Kissena Park, Queens County, defendants appeal from an order of the Supreme Court, Queens County, dated June 17, 1963, which granted plaintiffs' motion for summary judgment for the relief requested in their amended complaint, and which denied the defendants' cross motion for judgment on the pleadings. Order modified by striking therefrom the third decretal paragraph. As so modified, order affirmed, without costs. We agree with the Special Term (see 39 Misc 2d 424) that the agreement of October 18, 1962, entered into between the Commissioner of Parks and a named corporation, pursuant to which the corporation was to construct, and to operate for a period of 20 years, a golf driving range, parking lot and accessory buildings in Kissena Park, constituted a lease and not a license and that, therefore, such agreement was invalid under section 384 of the New York City Charter (cf. *Williams* v. *Hylan*, 223 App. Div. 48, affd. *sub nom. Williams* v. *City of N. Y.*, 248 N. Y. 616; *Matter of Terrell* v. *Moses*, 4 A D 2d 171). However, the third decretal paragraph of the order appealed from should be deleted. It may be construed as an adjudication that a golf driving range may not be constructed and operated in the park under any circumstances. That question was not passed upon in the court below, and we express no opinion with respect to it on this appeal. *Lordi* v. *County of Nassau* (20 A D 2d 658), holding that an agreement for the operation of a store for the sale of golf equipment, etc., in a county park, was a license and not a lease, is factually distinguishable. Beldock, P. J., Christ, Brennan, Rabin and Hopkins, JJ., concur.